# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

KELVIN KEITH BELL                                                          PLAINTIFF

v.                                                       CIVIL ACTION NO. 4:18-CV-P155-JHM

ART MAGLINGER                                                 DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Kelvin Keith Bell's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the instant action.

### I.

Plaintiff currently is a convicted prisoner incarcerated at the Hopkins County Detention Center. He complains, however, about his pretrial incarceration at the Daviess County Detention Center (DCDC) and brings suit pursuant to 42 U.S.C. § 1983 against DCDC Jailer Art Maglinger in his official capacity. As his statement of claim, Plaintiff alleges as follows:

> The month of October 2017, I was incarcerated in [DCDC] for a misdemeanor driving on suspended license from McLean County. I was placed in a cell B-133 following an altercation in C-104 were I was jumped by 4 inmates. I was in a argument with one person about the reasons behind the fight in C-104 and the person wanted to fight. As I was walking to the back of the cell, I was blind-sided by another inmate. The guards came in and took me out. I went to medical and they told me I had to be taken to the hospital. I found out the top of my nose was broke. I have a chipped tooth. I've been suffering from PTSD. I have nightmares and I'm trying hard to deal with the crowded areas while in jail. I constantly watch my surroundings. I also believe my 6th amendment right have been violated. I was a county inmate and got assaulted by a state inmate.

As relief, Plaintiff seeks compensatory and punitive damages.

**II.**

*A. Legal Standard*

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**B. Analysis**

Plaintiff was a pretrial detainee during the incident alleged in the complaint.[1] "[T]he overwhelming weight of persuasive authority holds that unless the state has an intent to punish, or at least displays an indifference toward potential harm to an inmate, pre-trial detainees have no due process right to be housed separately from sentenced inmates." *Burciaga v. Cty. of Lenawee*, 123 F. Supp. 2d 1076, 1078 (E.D. Mich. 2000). Plaintiff alleges no facts indicating that his housing assignment was made with an intent to punish him or with deliberate indifference to his safety.

Furthermore, regarding the alleged assault, the Eighth/Fourteenth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, to maintain an Eighth/Fourteenth Amendment claim based on a failure to prevent harm, an inmate must prove both an objective and subjective component. *Id.* With regard to the objective component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component requires the plaintiff to prove

---

[1] The Fourteenth Amendment, not the Eighth Amendment, applies to Plaintiff's claims because he is a pretrial detainee, not a convicted prisoner. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees."); *see also id.* at 938 n.3 (noting that the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), may abrogate the subjective intent requirement of a pretrial detainee's deliberate indifference claim).

that the defendant acted with "deliberate indifference" to that risk. *Id.* "Deliberate indifference is a state of mind akin to criminal recklessness: the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (internal quotation marks and citations omitted).

Plaintiff has alleged no facts indicating that he was incarcerated under conditions posing a substantial risk of serious harm. He does not allege that he was housed with state inmates known to be dangerous or to have a history of violence. Moreover, he alleges that after he was "blind-sided," "guards" and "medical" took action to help him. He, therefore, fails to allege facts rising to the level of a constitutional violation under the Eighth/Fourteenth Amendments, and those claims will be dismissed.

As to Plaintiff's claimed Sixth Amendment violation, the Sixth Amendment provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI. The facts alleged by Plaintiff do not support a violation of any provision of the Sixth Amendment, and this claim also will be dismissed.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: February 26, 2019

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
     Daviess County Attorney
4414.005